UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES ALLEN TERRY, JR.                          CIVIL ACTION

VERSUS                                          NO. 07-469

CITY OF NEW ORLEANS, ET AL                      SECTION "A" (3)

ORDER AND REASONS

This matter is before the Court pursuant to 28 U.S.C. § 636c. *See* Consent to Jurisdiction and Order of Reference [Rec. Doc. No. 25]. Presently before the Court is the Motion for Summary Judgment **#80** filed on behalf of defendant, Marlin N. Gusman, Criminal Sheriff of Orleans Parish. The matter was the subject of oral hearing on January 21, 2009, following which the matter was taken under advisement. For the following reasons, the motion is GRANTED.

## I. BACKGROUND

On January 24, 2007, plaintiff James Allen Terry, Jr. (Terry) filed suit pursuant 42 U.S.C. § 1983 alleging civil rights violations against Louisiana's Secretary of Department of Public Safety and Corrections Richard L. Stalder, Warden Cornel H. Hubert, the City of New Orleans, Mayor C. Ray Nagin, Superintendent (Warren J. Riley) and Former Superintendent (Eddie Compass) of the New Orleans Police Department and the Orleans Parish Criminal Sheriff Marlin N. Gusman. Plaintiff alleges that he was arrested in the City of New Orleans on September 11, 2005, despite the fact that he is an Army and National Guard veteran and had no criminal record at the time of his arrest. Plaintiff believes that he was arrested for looting, possession of a controlled substance and possession of a firearm (a broken BB gun); however, Terry alleges that he was never formally charged with a crime. At the time of his arrest by National Guardsmen, plaintiff alleges that the

1

New Orleans Police Department was notified[1] and then he was transported to the Greyhound Bus Station in New Orleans ("Camp Greyhound"), where plaintiff was forced to sleep on the oil-soaked concrete floor for two nights using his shoes as a pillow. Terry complains that his personal effects were taken and never returned. Thereafter, he was transported to Elayn Hunt Correctional Center (EHCC) in St. Gabriel, Louisiana.

Terry claims that at EHCC he was first housed in an overly-crowded cell located in a maximum- security cellblock for a month and then moved to Hunt's carpentry shop, which had become an insect-infested overly-crowded holding area with 65 men sharing one toilet. Terry alleges that he and other detainees were given no access to the law library or exercise facilities and that, other than to eat meals, they were not allowed to leave their makeshift cells. Plaintiff alleges that throughout the entirety of his 190 days of incarceration, he was denied access to necessary eye care until released on April 4, 2006. Plaintiff further avers that he was brought before a person at the Correctional Center, who fixed bail at the sum of $300,000.00.

Plaintiff alleges the following violations of his constitutional rights, to wit: (1) unlawful search and seizure in violation of the Fourth Amendment; (2) unlawful detainment/incarceration without charges, a hearing or access to the Courts in violation of the First, Fifth and Fourteenth Amendments; (3) denial of his Sixth Amendment right to counsel; (4) excessive bail and unlawful conditions of confinement in violation of the Eighth Amendment; and (5) denial of the right to habeas corpus in violation of Article I, Section 9 of the Constitution of the United States. In addition, plaintiff asserts pendent claims under Louisiana law, including false imprisonment, malicious prosecution and denial of his rights to due process, bail, counsel and speedy trial. Terry

---

[1]The New Orleans Police Department Incident Report, Item No. I-0270-2005

seeks an award of compensatory, punitive and nominal damages, as well as declaratory relief.

Plaintiff also filed a First Amended Complaint (Doc. No. 30); however, Terry's amendments solely address constitutional violations allegedly perpetrated during the period of his detention at Hunt Correctional Center in St. Gabriel Louisiana.

## II. STANDARDS OF REVIEW

### Motion to Dismiss

Under Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint if it fails to state a claim upon which any relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). The court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b)(6) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir.1997).

### Summary Judgment

The principal purpose of Fed. R. Civ. P. 56 is to "isolate and dispose" of factually unsupported claims.[2] Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact...."[3] There is no "genuine issue" when the record taken as a whole could not

---

[2]*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

[3]Fed. R. Civ. P. 56(c).

3

lead a rational trier of fact to find for the nonmovant.[4]

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5]  A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.[6] "In such a situation, there can be 'no genuine issue of material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[7]

The Court has no duty to search the record for triable issues.[8] Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment.[9] "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."[10] Conclusory statements, speculation and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.[11] "Summary judgment is

---

[4]*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[5]*Celotex*, 477 U.S. at 323.

[6]*Nebraska v. Wyoming,* 507 U.S. 584, 590 (1993); *Celotex,* 477 U.S. at 323; *Wenner v. Texas Lottery Commission,* 123 F.3d 321, 324 (5th Cir.), *cert. denied,* 523 U.S. 1073 (1998).

[7]*Celotex,* 477 U.S. at 322-23.

[8]*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[9]*Celotex,* 477 U.S. at 248-50; *Abbot v. Equity Group, Inc.,* 2 F.3d 613, 619 (5th Cir. 1993).

[10]*Ragas*, 136 F.3d at 458 (emphasis added).

[11]*Id.*; *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996).

appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"

### III. DISCUSSION

Sheriff Gusman points out that the only allegation against him is that he administered the temporary holding facility at the Greyhound Bus Station following Hurricane Katrina. It is, however, uncontested that neither Sheriff Gusman nor the Orleans Parish Criminal Sheriff's Office maintained, operated, or had any custody or control over the temporary holding facility. Plaintiff has stated no claim against Sheriff Gusman for the conditions of his confinement at the Greyhound Bus Station or Elayn Hunt following Hurricane Katrina.

In opposition to the Sheriff's motion, plaintiff argues that it is unclear whether or not Sheriff Gusman had authority to release him from jail. Essentially, Terry's position is that he may have a due process claim against the Sheriff, when it is undisputed that plaintiff was never in the Sheriff's custody.

Title 42, United States Code, Section 1983 provides that every person, who, under color of state law, subjects, or causes to be subjected, any person within the jurisdiction of the United States to "a deprivation of any rights, privileges, or immunities under the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper preceding for redress ." *Id*.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v.*

*Scott*, 276 F.3d 736, 741 (5th Cir.2002) (citation omitted).[12]  "Personal involvement is an essential element of a civil rights cause of action."[13] In this case, plaintiff does not allege that Gusman personally subjected him to the conditions about which he now complains. Moreover, an official cannot be held liable pursuant 42 U.S.C. § 1983 under any theory of vicarious liability.[14]

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent ."[15]  Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. However, in order to hold a local governmental body accountable for a constitutional violation, a plaintiff must allege that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference.[16] Plaintiff does not allege that the purported constitutional violations in this case resulted from an official policy or custom of the Orleans Parish Criminal Sheriff's Office.

To the extent Terry may be suggesting that Sheriff Gusman acted negligently in administering his office during the months following the evacuation of the City of New Orleans due to lack of

---

[12]Plaintiff does not specify in his complaint whether he is suing Gusman in his individual or official capacity. Gusman has assumed that he is being sued in his individual capacity, and this Court is operating under that same assumption. However, if plaintiff meant to assert an official-capacity claim, that claim would clearly fail for reasons set forth above.

[13]*Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983).

[14]*Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987); *see also Oliver*, 276 F.3d at 742 ("Section 1983 does not create supervisory or respondeat superior liability.").

[15]*Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir.1999).

[16]*See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir.1999).

preparation or plan for an emergency situation, such a claim would be frivolous. Acts of negligence do not implicate the Due Process Clause such as to give rise to a claim under § 1983.[17] With respect to any claim of deprivation of liberty based on violations of the Due Process Clause of the Fourteenth Amendment, the Supreme Court has held that an injury caused by the negligence of a state official is not a violation of the Due Process Clause creating a right redressable under § 1983.[18] In order to prevail on a claim against a sheriff under § 1983, documentation of widespread abuse is necessary. Plaintiff cannot satisfy his burden of proof by pointing to a single incident or even isolated incidents.[19] Plaintiff's complaint fails to state a due process claim against Sheriff Gusman, even as amended.

Accordingly and for all of the aforesaid reasons,

**IT IS ORDERED** that Sheriff Marlin Gusman's Motion for Summary Judgment (Rec. Doc.

---

[17] *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir.1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth,* Ms., 74 F.3d 633, 641-42, 646 (5th Cir.1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir.1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir.1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

[18] *See Daniels v. Williams,* 474 U.S. at 328.

[19] *See Bourg v. St. Tammany Parish Sheriff,* 336 F.3d 363, 370 (5th Cir. 2003) (holding that (1) both of Bourg's theories required proof of deliberate indifference, (2) just as proof of a custom or practice requires more than a showing of isolated acts, proof of deliberate indifference, generally requires a showing of more than a single instance of the lack of training or supervision causing a violation of constitutional rights and (3) deliberate indifference generally requires that a plaintiff demonstrate "at least a pattern of similar violations" arising from training that is so clearly inadequate as to be "obviously likely to result in a constitutional violation").

No. 80 ) is GRANTED.

    New Orleans, Louisiana this 21st day of January, 2009.

                              **DANIEL E. KNOWLES, III**
                              **UNITED STATES MAGISTRATE JUDGE**